**DOUGLAS A. LINDE, ESQ. (SBN 217584) (dal@lindelaw.net)**
**ERICA ALLEN, ESQ. (SBN 234922) (ela@lindelaw.net)**
**THE LINDE LAW FIRM**
**9000 Sunset Boulevard, Ste. 1025**
**Los Angeles, California 90069**
**Telephone (310) 203-9333; Fax (310) 203-9233**

Attorneys for Plaintiff DENNIS MORRIS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS MORRIS<br><br>      Plaintiff,<br><br>      v.<br><br>THIERRY GUETTA; ITS A WONDERFUL WORLD, INC., and DOES 1 though 10, inclusive,<br><br>      Defendants. | Case No. CV12-0684 JAK (RZx)<br>Complaint Filed: January 26, 2012<br>Honorable John A. Kronstadt<br><br>**PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION RE COPYRIGHT INFRINGEMENT AS TO ALL DEFENDANTS; POINTS AND AUTHORITIES**<br><br>**Date:  October 22, 2012**<br>**Time: 8:30 a.m.**<br>**Place: Courtroom 750** |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

     **PLEASE TAKE NOTICE** that on October 22, 2012 in Courtroom 750 of the Roybal Courthouse, located at 255 E. Temple Street, Los Angeles, California 90012, Plaintiff, Dennis Morris will move the court pursuant to Federal Rule of Civil

Procedure 56 for summary adjudication that Defendants, and each of them, have engaged in acts of copyright infringement.

The motion will be made on the grounds that Plaintiff is entitled to summary adjudication of liability for copyright infringement as a matter of law because, after considering all evidence in the light most favorable to Defendants, no reasonable fact-finder could deny that Plaintiff owns the copyrights in at issue in this case and that Defendants have engaged in unauthorized conduct that infringes Plaintiff's exclusive rights under the copyright.

The motion will be based on the attached Memorandum of Points and Authorities, the Statement of Uncontroverted Facts, and the Declarations of Dennis Morris and Douglas Linde filed with this motion, the papers and evidence on file in this case, and such further evidence and argument as may be presented at the hearing.

Dated:   September 24, 2012          THE LINDE LAW FIRM


                                     By:   /s/ Douglas A. Linde
                                     Douglas A. Linde
                                     Erica L. Allen
                                     Attorneys for Plaintiff,
                                     DENNIS MORRIS

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................1

II. STATEMENT OF FACTS ..........................................................................2

    A. PARTIES..............................................................................................2

    B. SUBJECT PHOTOGRAPH....................................................................2

    C. DEFENDANTS' ACCESS ....................................................................3

    D. INFRINGING ARTWORK ....................................................................3

III. LEGAL ANALYSIS ................................................................................7

    A. APPLICABLE LEGAL STANDARD ....................................................7

    B. PLAINTIFF OWNS A VALID COPYRIGHT IN THE SUBJECT PHOTOGRAPH............10

    C. DEFENDANTS HAVE ENGAGED IN COPYRIGHT INFRINGEMENT ........................11

        1. Access and Legally Sufficient Similarity Show Unauthorized Copying11

            a. Defendants Had Access To The Subject Photograph .................11

            b. Defendants Copied The Subject Photograph.............................12

        2. Defendants Violated Plaintiff's Exclusive Rights .................................14

        3. Plaintiff Has Not Authorized Defendants' Conduct .............................15

IV. CONCLUSION ......................................................................................16

# TABLE OF AUTHORITIES

## Cases

*American International Pictures, Inc. v. Foreman,* 576 F.2d 661, 664 (5th Cir. 1978)  15

*Baxter v. MCA, Inc.*, 812 F.2d 421 (9th Cir. 1987) ........................................................... 8

*Berkic v. Crichton*, 761 F.2d 1289 (9th Cir. 1985)...................................................... 9, 12

*Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068 (9th Cir. 2000) ........................................ 8

*Feist Publications, Inc., v. Rural Telephone Service Company, Inc.*, 499 U.S. 340, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991) ................................................................ 7

*Friedman v. Guetta*, No. CV 10-00014, 2011 U.S. Dist. LEXIS 66532 (C.D. Cal. May 27, 2011)................................................................................. 1, 8, 9, 13

*Idearc Media Corp. v. Northwest Directories, Inc.*, 623 F. Supp. 2d 1223 (D. Or. 2008) .......................................................................................................... 9

*Jarvis v. K2 Inc.*, 486 F.3d 526 (9th Cir. 2007)............................................................... 10

*Litchfield v. Spielberg*, 736 F.2d 1352 (9th Cir. 1984)...................................................... 9

*MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511 (9th Cir. 1993) *cert. dismissed* 510 U.S. 1033, 114 S. Ct. 671, 126 L. Ed. 2d 640 (1994) ........................ 9

*Micro Star v. Formgen Inc.*, 154 F.3d 1107 (9th Cir. 1998) ........................................... 10

*Microsoft Corp. v. Harmony Computers & Electronics, Inc.*, 846 F. Supp. 208 (E.D.N.Y. 1994) .............................................................................................. 15

*Narell v. Freeman*, 872 F.2d 907 (9th Cir. 1989)........................................................... 13

*Norse v. Henry Holt & Co.*, 991 F.2d 563 (9th Cir. 1993)................................................ 9

*North Coast Industries v. Maxwell*, 972 F.2d 1031 (9th Cir. 1992)............................ 8, 11

*Richter v. Instar Enterprises International, Inc.*, 594 F. Supp. 2d 1000, 1011 (N.D. Ill. 2009).................................................................................................... 15

*S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081 (9th Cir. 1989) ...................................... 8, 13

*Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49 (2d Cir. 1936) *cert. denied*, 298 U.S. 669, 56 S. Ct. 835, 80 L. Ed. 1392 (1936) ............................................ 12

*Smith v. Jackson*, 84 F.3d 1213 (9th Cir. 1996) ...................................................... 8, 12

*Three Boys Music Corp. v. Bolton*, 212 F.3d 477 (9th Cir. 2000) .................................. 7

**<u>Statutes</u>**

17 U.S.C. § 101 ................................................................................................. 7

17 U.S.C. § 102 ................................................................................................. 7

17 U.S.C. § 106 ...................................................................................... 8, 9, 13

**<u>Treatises</u>**

2 Howard B. Abrams, THE LAW OF COPYRIGHT § 14:10 ................................. 13

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

This is a straight-forward case of copyright infringement involving Defendants' unauthorized creation and sale of artwork using Plaintiff's copyrighted photograph.

Plaintiff Dennis Morris is a famous photographer noted for iconic and world renowned photographs including several of the musical artists the Sex Pistols and Bob Marley (http://en.wikipedia.org/wiki/Dennis_morris).   Plaintiff took several iconic photographs of the musical artist known as Sid Vicious, a popular member of the musical act the Sex Pistols.

Defendant, Thierry Guetta ("Guetta") is an artist working under the moniker "Mr. Brainwash" whose "style" of artwork often involves taking and using, without authorization, photographs authored by others as the basis of his artwork (http://en.wikipedia.org/wiki/Mr._Brainwash).   Notably, Defendant has already been found to be a copyright infringer by another Court in this District.  *Friedman v. Guetta*, 2011 U.S. Dist. LEXIS 66532 (C.D. Cal. May 27, 2011).

Defendant, Its a Wonderful World, Inc., is a corporation organized under the laws of the State of California.  Guetta is the president of Its a Wonderful World, Inc. Its a Wonderful World, Inc. sells artwork created by Guetta on his behalf.   Both Defendants will be referred to hereinafter as "Guetta."

Defendant Guetta created and sold a number[1] of pieces of art containing copies of Morris's copyrighted photograph of Sid Vicious without authorization.

There is no question that Guetta's artwork contains unauthorized copies of Plaintiff's photograph.   Indeed, the evidence demonstrates that Guetta simply downloaded digital images of Plaintiff's photograph of Sid Vicious, reproduced the

---

[1]  Defendants' Motion For Summary Judgment, filed September 24, 2012, curiously states that there are only three (3) infringing works created by Defendants at issue.  See Docket No. 47, Motion for Summary Judgment, p.7:10-11.  This is plainly incorrect, as Defendants themselves admit to selling five (5) separate works, and Defendants created two (2) additional works that were not sold.

image on a background material, and sold the artwork.  Moreover, it is undisputed that Guetta did not have Plaintiff's permission to use his photographs in any of Defendant's works.

As such, Plaintiff seeks summary adjudication of his copyright infringement claims only, leaving the amount of damages for such infringement at issue for trial.

## II.    STATEMENT OF FACTS

The following facts established in the pleadings and discovery show Plaintiff's copyright ownership and Defendants' infringement.

### A.    PARTIES

The parties are: Plaintiff, Dennis Morris, a photographer, and Defendants Thierry Guetta and Its a Wonderful World, Inc. ("Guetta").  The Defendants are all engaged in creating and/or selling artwork.

### B.    SUBJECT PHOTOGRAPH

Dennis Morris took the following photograph of Sid Vicious (the "Subject Photograph") (Decl. Morris ¶¶ 1, 2, 3) (Uncontroverted Facts No. 1):



1

### C.    DEFENDANTS' ACCESS

2    Defendants admit, in their Answer and in discovery, that they had access to the

3 Subject Photograph.  *See* Exhibit 1, Defendants' Answer, ¶14 [Docket No. 11];

4 Exhibit 2, Defendant Guetta's Response To Request For Admission 6, 7, 9; Exhibit 3,

5 Defendant IAWW's Response To Request For Admission 6, 7, 9.  Specifically,

6 Defendant Thierry Guetta obtained a copy of the Subject Photograph from the

7 internet.  *See* Exhibit 4, Defendants Responses To Interrogatories, No. 8.

8

9

### D.    INFRINGING ARTWORK

10    Guetta produced at least seven (7) works containing copies of the Subject

11 Photograph: (Uncontroverted Facts No. 5 through 11).  These works are itemized as

12 follows:

13 "Sid Vicious Multi-Color" in Pastels



23    Notably, this work contains a reproduction of Plaintiff's image, which

24 Defendant painted on to create the final work.  Defendants created this work based

25 upon Plaintiff's image.  *See* Exhibit 4, Defendants Responses to Interrogatories, Set

26 One, Interrogatory No. 1.  Defendant sold this work on April 27, 2009.  *See* Exhibit

27 4, Defendants Responses to Interrogatories, Set One, Interrogatory No. 2.

<u>"Sid Vicious Multi-Color" in Primary Colors</u>



Notably, this work contains a reproduction of Plaintiff's image, which Defendant painted on to create the final work.  Defendants created this work based upon Plaintiff's image.  *See* Exhibit 4, Defendants Responses to Interrogatories, Set One, Interrogatory No. 1.   Defendant sold this work on June 6, 2010.  *See* Exhibit 4, Defendants Responses to Interrogatories, Set One, Interrogatory No. 2; Complaint and Answer, ¶17.

<u>"Sid Vicious Fabric"</u>



This work features a "stencil" of Plaintiff's image. Defendants created this work based upon Plaintiff's image. *See* Exhibit 4, Defendants Responses to Interrogatories, Set One, Interrogatory No. 1. Defendant sold a "Sid Vicious Fabric" on July 16, 2008. *See* Exhibit 4, Defendants Responses to Interrogatories, Set One, Interrogatory No. 2.

<u>"Sid Vicious Palm Trees"</u>



This work contains a reproduction of Plaintiff's image, to which Defendant added sunglasses and illustrations. Defendants admit creating this work, but claim they did not sell any "Sid Vicious Palm Trees" works. *See* Exhibit 4, Defendants Responses to Interrogatories, Set One, Interrogatory No. 1 and 2.

///

///

"Sid Vicious" Print



This work features a "stencil" of Plaintiff's image.  Defendants created this work based upon Plaintiff's image.  *See* Exhibit 4, Defendants Responses to Interrogatories, Set One, Interrogatory No. 1.   Defendant sold forty-two (42) prints of "Sid Vicious" in a two (2) day period between March 27, 2009 and March 29, 2009.  *See* Exhibit 4, Defendants Responses to Interrogatories, Set One, Interrogatory No. 2.

Sid Vicious Broken Records Work



This work features a "stencil" of Plaintiff's image made from broken records. Defendant admits to creating this work, but claims that it was never sold.  See

Declaration of Thierry Guetta, Docket No. 47-2, ¶3.  However, it is undisputed that this work was displayed publicly by Defendant.  The above photo is from the Village Voice, and Defendant displayed this work, at least, at an exhibition of his work in New York in 2010.   See Exhibit 5.

Mural

Additionally, Defendant created a Mural based upon Plaintiff's Subject Photograph:



Plaintiff did not authorize the use of his photograph in any of these works. (Uncontroverted Facts No. 2)

## III.   LEGAL ANALYSIS

This motion seeks summary adjudication that the Subject Photograph is an original work of authorship owned by Plaintiff; and that Defendants infringed Plaintiff's copyright by reproducing, selling and publicly distributed artwork containing copies of Plaintiff's Subject Photograph without authorization.

### A.   APPLICABLE LEGAL STANDARD

To succeed on a claim for copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work

that are original." *Feist Publications, Inc., v. Rural Telephone Service Company, Inc.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000), *cert. denied*, 531 U.S. 1126, 121 S. Ct. 881, 148 L. Ed. 2d 790 (2001).

**Valid Copyright**[2]: "Copyright protection subsists … in original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102(a).  "Works of authorship" include "pictorial, graphical and sculptural works," 17 U.S.C. § 102(a)(5), which cover "photographs."   17 U.S.C. § 101.  As *Ets-Hokin v. Skyy Spirits, Inc.* held in upholding the copyright in a photograph of a bottle of vodka: "'[A]lmost any photograph may claim the necessary originality to support a copyright merely by virtue of the photographers' [sic] personal choice of subject matter, angle of photograph, lighting, and determination of the precise time when the photograph is to be taken.' … This circuit is among the majority of courts to have adopted this view[, that] creative decisions involved in producing a photograph may render it sufficiently original to be copyrightable, [including] selection of subject, posture, background, lighting, and perhaps even perspective alone." *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1076-1077 (9th Cir. 2000) (citations omitted).

**Copying**:  The owner of a copyright in a photograph has the exclusive right to do and authorize its: (i) reproduction; (ii) adaptation; (iii) public distribution; and (iv) public display.  17 U.S.C. § 106.  "Copying" is shorthand for infringing any of these rights.  *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 fn. 3 (9th Cir. 1989).

A plaintiff may show copying by "indirect" or "direct" means.  The "indirect"

---

[2]  The requirement of a valid copyright is different from the requirement of a valid copyright registration.   In this case Plaintiff does not need to demonstrate ownership of a copyright registration.  Plaintiff is a citizen of the United Kingdom and first published the Subject Photograph in the United Kingdom. *See* Declaration of Dennis Morris, ¶ 5.  Therefore, it is uncontroverted that the Subject Photograph is not a United States work, and does not require pre-registration pursuant to 17 U.S.C. § 411.

approach is the usual one.  "Because direct evidence of copying is not available in most cases, plaintiff may establish copying by showing that defendant had access to plaintiff's work and that the two works are 'substantially similar' in idea and in expression of the idea."  *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996); *see also Friedman v. Guetta*, *supra*, 2011 U.S. Dist. LEXIS 66532 * 11-12.  To establish access, the Ninth Circuit uses an "inverse ratio rule" which requires "a lower standard of proof of substantial similarity when a high degree of access is shown" and, conversely, "in the absence of any proof of access, a copyright plaintiff can still make out a case of infringement by showing that the [works are] 'strikingly similar.'" *Three Boys Music*, *supra*, 212 F.3d at 485; *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987).    For substantially similarity the Ninth Circuit uses an extrinsic/intrinsic test.  "The 'extrinsic' test considers whether two works share a similarity of ideas and expression based on external, objective criteria [Citations] … [and] the subjective 'intrinsic test' asks whether an 'ordinary, reasonable observer' would find a substantial similarity of expression of the shared idea." *Smith*, *supra*, 84 F.3d at 1218.  The extrinsic test "is generally a question of law because it turns not on the responses of the trier of fact but on specific criteria which can be listed and analyzed." *North Coast Industries v. Maxwell*, 972 F.2d 1031, 1034 (9th Cir. 1992). Although the intrinsic test evaluates total "look and feel," courts grant summary judgment where no reasonable jury could decide otherwise under the intrinsic test. *Berkic v. Crichton*, 761 F.2d 1289 (9th Cir. 1985); *Litchfield v. Spielberg*, 736 F.2d 1352 (9th Cir. 1984).

Alternatively, a plaintiff may also show direct copying rather than access and substantial similarity.  As *Range Road Music, Inc. v. East Coast Foods, Inc.* explained:

'Substantial similarity' is not an element of a claim of copyright infringement.  Rather, it is a doctrine that helps courts adjudicate whether

> copying of the 'constituent elements of the work that are original' actually occurred when an allegedly infringing work appropriates elements of an original without reproducing it *in toto*.  A showing of 'substantial similarity' is irrelevant in a case like this one [which] entailed direct copying of copyrighted works.

*Range Road Music, Inc. v. East Coast Foods, Inc.*, 668 F.3d 1148, 1154 (9th Cir. 2012) (citations omitted); *accord Norse v. Henry Holt & Co.*, 991 F.2d 563, 566 (9th Cir. 1993) ("But here the substantial similarity analysis is inapposite to the copying issue because appellees admit that they in fact copied phrases from Norse's letters."); *Friedman v. Guetta*, *supra*, 2011 U.S. Dist. LEXIS 66532 * 11-12.  In cases of direct copying, the fact that the final result of defendant's work differs from plaintiff's work is not exonerating.  To the contrary, it can show infringement of multiple exclusive rights.  Making a direct copy, such as by downloading a protected work into a computer program infringes the exclusive reproduction right.  17 U.S.C. § 106(1); *MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 519 (9th Cir. 1993) *cert. dismissed* 510 U.S. 1033, 114 S. Ct. 671, 126 L. Ed. 2d 640 (1994); *Idearc Media Corp. v. Northwest Directories, Inc.*, 623 F. Supp. 2d 1223, 1233 (D. Or. 2008) (unauthorized scanning of ads into program an infringement); *Friedman v. Guetta*, *supra*, 2011 U.S. Dist. LEXIS 66532 * 11-12.  Altering the unauthorized copy would then infringe the exclusive right to create derivative works.  17 U.S.C. § 106(2); *Jarvis v. K2 Inc.*, 486 F.3d 526, 532 (9th Cir. 2007) (scanning and altering photos); *Micro Star v. Formgen Inc.*, 154 F.3d 1107 (9th Cir. 1998) (computer game).

As will be seen, the evidence is undisputed on all of the factors necessary to show copyright infringement in this case.

## B. PLAINTIFF OWNS A VALID COPYRIGHT IN THE SUBJECT PHOTOGRAPH

There is uncontroverted evidence of Plaintiff's ownership of valid and subsisting copyright in the Subject Photograph.  In his Declaration, Dennis Morris

states the following uncontroverted facts:

*Authorship*:  Dennis Morris is the person who took the Subject Photograph and is the sole and original author of each one.  *See* Declaration of Dennis Morris ¶ 1-3

*Originality*:  The Subject Photograph is original with Dennis Morris.  He is the person responsible for selection of subject, posture, background, lighting in each the photograph.  *See* Declaration of Dennis Morris ¶ 2.

As such, there uncontroverted evidence of Plaintiff's ownership of a valid and subsisting copyright in the Subject Photograph.

## C.   DEFENDANTS HAVE ENGAGED IN COPYRIGHT INFRINGEMENT

The claim of copyright infringement against Defendants involves unauthorized reproduction and distribution of copies of the Subject Photograph in the works described above.  The first step is to show they contain unauthorized copies of the Subject Photograph.  This is done both by indirect and direct evidence.

## 1.   Access and Legally Sufficient Similarity Show Unauthorized Copying

To show unauthorized copying by indirect evidence, a plaintiff must show both access and legally sufficient similarity.   Undisputed evidence establishes both requirements.

### a.   Defendants Had Access to The Subject Photograph

Defendant Guetta has admitted to having access to the Subject Photograph prior to creating the artwork.  *See* Exhibit 1, Defendants' Answer, ¶14 [Docket No. 11]; Exhibit 2, Defendant Guetta's Response To Request For Admission 6, 7, 9; Exhibit 3, Defendant IAWW's Response  To Request For Admission 6, 7, 9; *See* Exhibit 4, Defendants Responses To Interrogatories, No. 8.

**b.** **Defendants Copied The Subject Photograph**

Plaintiff can show copying in two ways.  First, by showing that the Defendants' work is substantially similar to Plaintiffs' Subject Photograph, and by demonstrating that Defendants directly copied Plaintiff's photograph. Each is addressed in turn.

*1.  Defendants' Works Are Substantially Similar To The Subject Photograph*

To address "substantially similarity" the Ninth Circuit uses an extrinsic/intrinsic test.

"The 'extrinsic' test considers whether two works share a similarity of ideas and expression based on external, objective criteria. [Citations]… If plaintiff satisfies the extrinsic test, then the subjective 'intrinsic test' asks whether an 'ordinary, reasonable observer' would find a substantial similarity of expression of the shared idea." *Smith*, *supra*, 84 F.3d at 1218.  "The extrinsic test is generally a question of law because it turns not on the responses of the trier of fact but on specific criteria which can be listed and analyzed."  *North Coast Industries v. Maxwell*, *supra*, 972 F.2d at 1034.

Although the intrinsic test relies on evaluating the total "look and feel", courts can grant summary judgment where no reasonable jury could decide otherwise under the intrinsic test.  *Berkic v. Crichton*, 761 F.2d 1289 (9th Cir. 1985); *Litchfield v. Spielberg*, 736 F.2d 1352 (9th Cir.1984).

Given the Defendant's level of exact copying, the extrinsic and intrinsic tests are easily satisfied.

With respect to the 'extrinsic' test, certainly, Plaintiff's Subject Photograph and the copies on artwork share "objective" similarity of ideas and expression as they are virtually identical.

The "'intrinsic test' asks whether an 'ordinary, reasonable observer' would find a <u>substantial</u> similarity of expression of the shared idea." *Smith*, *supra*, 84 F.3d at

1218.  Again, given that the works are virtually identical, no reasonable observer deny

that the works are <u>substantially</u> similar.

It is anticipated that Defendant will point to the fact that they made additions to Plaintiff's work, such as splashing paint on it, and therefore the works are "different." However, it is well settled that any comparison of areas where the works might differ is irrelevant, since "no plagiarist can excuse the wrong by showing how much of his work he did not pirate."  *Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49, 56 (2d Cir. 1936) *cert. denied*, 298 U.S. 669, 56 S. Ct. 835, 80 L. Ed. 1392 (1936). Rather, under Copyright law, the analysis must focus upon the similarities and the copying of protected elements.  Insofar as Defendants' work incorporates Plaintiff's photograph, or a stencil based thereupon, there can be no question that Plaintiff's and Defendants' works are substantially similar.

### 2.  *Defendants Works Virtually Duplicate The Subject Photograph*

Moreover, because this is a case of admitted direct copying, the Court can grant Summary Judgment even without conducting the substantial similarity analysis.

Specifically, a finding that a defendant copied a plaintiff's work, without application of a substantial similarity analysis, can be made where the defendant has engaged in direct copying of a plaintiff's entire work.  *Range Road Music*, *supra*, 668 F.3d at 1154; *Narell v. Freeman*, 872 F.2d 907, 910 (9th Cir. 1989).  Specifically, the Ninth Circuit held in *Range Road Music*:

> A showing of "substantial similarity" is irrelevant in a case like this one, in which the Music Companies produced evidence that the public performances entailed direct copying of copyrighted works.

*Range Road Music*, *supra*, 668 F.3d at 1154. (noting that a demonstration of substantial similarity is only necessary to prove infringement "[a]bsent evidence of

1  direct copying"); *see also Narell v. Freeman*, *supra*, 872 F.2d at 910 (noting that "[a]

2  finding that a defendant copied a plaintiff's work, without application of a substantial

3  similarity analysis" will be made "when the defendant has engaged in virtual

4  duplication of a plaintiff's entire work"); 2 Howard B. Abrams, The Law of

5  Copyright § 14:10 (2011) ("Direct proof [of copying] can consist of . . . testimony of

6  direct observation of the infringing act . . . .").

7       As shown above, the copies on Guetta's artwork show, and Guetta admits to,

8  direct copying of the Subject Photograph.  As such, summary judgment can be granted

9  based on evidence of direct copying.  *Friedman v. Guetta*, *supra*, 2011 U.S. Dist.

10  LEXIS 66532.

11

12              **2.    Defendants Violated Plaintiff's Exclusive Rights**

13       The owner of a copyright in a photograph has the exclusive right to authorize

14  its: (i) reproduction; (ii) adaptation (*i.e.*, create derivative works); (iii) public

15  distribution; and (iv) public display.  17 U.S.C. § 106.  "Copying" is shorthand for

16  infringing any of these rights.  *S.O.S., Inc. v. Payday, Inc.*, *supra*, 886 F.2d at 1085,

17  fn. 3.  Here, Defendant violated Plaintiff's exclusive rights by, without authorization,

18  reproducing, adapting, publicly distributing and publicly displaying works bearing

19  copies of Plaintiff's Subject Photograph, including as follows:

20       "Sid Vicious Multi-Color" in Pastels:  Defendants' creation of this work

21  violated Plaintiff's reproduction and adaptation rights.  *See* Exhibit 4, Defendants

22  Responses to Interrogatories, Set One, Interrogatory No. 1.  Moreover, this work was

23  offered for sale and sold.  *See* Exhibit 4, Defendants Responses to Interrogatories, Set

24  One, Interrogatory No. 2.  This violated Plaintiff's distribution right.

25       "Sid Vicious Multi-Color" in Primary Colors:  Defendants' creation of this

26  work violated Plaintiff's reproduction and adaptation rights.  *See* Exhibit 4,

27  Defendants Responses to Interrogatories, Set One, Interrogatory No. 1.  Moreover,

this work was offered for sale and sold.  *See* Exhibit 4, Defendants Responses to Interrogatories, Set One, Interrogatory No. 2.  This violated Plaintiff's distribution right.

"Sid Vicious Fabric":  Defendants' creation of this work violated Plaintiff's reproduction and adaptation rights.  *See* Exhibit 4, Defendants Responses to Interrogatories, Set One, Interrogatory No. 1.  Moreover, this work was offered for sale and sold.  *See* Exhibit 4, Defendants Responses to Interrogatories, Set One, Interrogatory No. 2.  This violated Plaintiff's distribution right.

"Sid Vicious Palm Trees":  Defendants' creation of this work violated Plaintiff's reproduction and adaptation rights.  *See* Exhibit 4, Defendants Responses to Interrogatories, Set One, Interrogatory No. 1.

"Sid Vicious" Print:  Defendants' creation of this work violated Plaintiff's reproduction and adaptation rights.  *See* Exhibit 4, Defendants Responses to Interrogatories, Set One, Interrogatory No. 1.  Moreover, this work was offered for sale and sold.  *See* Exhibit 4, Defendants Responses to Interrogatories, Set One, Interrogatory No. 2.  This violated Plaintiff's distribution right.

"Sid Vicious Broken Records Work":  Defendants' creation of this work violated Plaintiff's reproduction and adaptation rights.   See Declaration of Defendant Thierry Guetta, Docket No. 47-2, ¶3.  Moreover, this work was displayed Defendant's New York show.  See Exhibit 5.  This violated Plaintiff's public display rights.

Mural:  Defendants' creation of this public work violated Plaintiff's reproduction, adaptation and public display rights.   Decl. Linde, ¶ 7.

Each of these uses is an infringing use.

### 3.    Plaintiff Has Not Authorized Defendants' Conduct

Direct copyright infringement is a strict liability tort.  Lack of knowledge does not limit liability but only effects the calculation of damages.  *Richter  v.  Instar*

*Enterprises International*, *Inc.*, 594 F. Supp. 2d 1000, 1011 (N.D. Ill. 2009). "[B]ecause copyright law favors the rights of the copyright holder, the person claiming authority to copy or vend generally must show that his authority to do so flows from the copyright holder." *American International Pictures, Inc. v. Foreman*, 576 F.2d 661, 664 (5th Cir. 1978).  To survive a motion for summary judgment, a defendant has "the burden of tracing the chain of title to show that [its] authority … flows from the copyright holder."  *Microsoft Corp. v. Harmony Computers & Electronics, Inc.*, 846 F. Supp. 208, 212 (E.D.N.Y. 1994).  Defendant cannot meet this burden because it has no such authority.

In this case, Plaintiff did not authorize Defendants to utilize his Subject Photograph.  *See* Declaration of Dennis Morris ¶ 4.  (Undisputed Fact No. 2)

**IV.  CONCLUSION**

There is no reasonable dispute about the foregoing material facts.  As such, Plaintiff respectfully requests summary adjudication as to these issues of copyright infringement.

Dated:  September 24, 2012                    THE LINDE LAW FIRM

By:___/s/ Douglas A. Linde_____
Douglas A. Linde
Erica L. Allen
Attorneys for Plaintiff Dennis Morris